NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTHA MCCLUNE,

         Plaintiff - Appellant,

v.

LELAND DUDEK, Acting Commissioner
of Social Security,

         Defendant - Appellee.

No. 24-2911

D.C. No.
2:23-cv-05017-AJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
A. Joel Richlin, Magistrate Judge, Presiding

Submitted April 8, 2025[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and BADE and SUNG, Circuit Judges.

Martha McClune appeals the district court's judgment affirming the

Commissioner of Social Security's ("Commissioner") denial of McClune's

application for supplemental security income ("SSI") benefits under the Social

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Act ("SSA"), 42 U.S.C. § 301 *et seq*. McClune applied for SSI benefits on July 5, 2016. Among other things, McClune suffers from lumbar degenerative disc disease, post hysterectomy pelvic pain, and adjustment disorder with mixed and depressed mood.

On appeal, McClune argues, inter alia, that the Administrative Law Judge ("ALJ") erred by finding that McClune's mental impairment of adjustment disorder with mixed and depressed mood was "nonsevere" and did not cause more than a minimal limitation in her ability to perform basic work activities. As a result, McClune contends that the ALJ found that she had a residual functional capacity ("RFC") that is unsupported by the record. In addition, McClune contends that the Commissioner updated the definition of "past relevant work" in June 2024, and the new definition should be retroactively applied to her case because the amended definition would establish her as disabled under the guidelines.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order affirming an ALJ decision de novo and will reverse an ALJ's denial of benefits only if the ALJ's decision is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (citation omitted). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). We affirm.

1. The crux of McClune's arguments on appeal is that the ALJ incorrectly applied the psychiatric review technique ("PRT"), 20 C.F.R. § 416.920a(c), when determining that her mental impairment of adjustment disorder with mixed and depressed mood was "nonsevere."[1] The technique requires an ALJ to assess McClune's cognitive ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 416.920a(c)(3).

First, McClune contends that the ALJ cherry-picked the record when assessing each phase of the PRT. While we recognize that the there is some evidence to support McClune's argument that her mental impairment was severe, the ALJ is responsible for "resolving conflicts in medical testimony[] and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In that regard, the ALJ did not err. The ALJ weighed all of the evidence and found that

---

[1] McClune similarly argues that, even if the ALJ correctly found that her mental impairment was nonsevere, the ALJ still erred by not discussing or giving "reasoned consideration" to McClune's mental state in the assessment of her RFC, citing to *Hutton v. Astrue*, 491 Fed. App'x 850, 850 (9th Cir. 2012). However, the record reflects that the ALJ expressly recognized McClune's nonsevere mental impairments in making the RFC finding, and McClune does not meaningfully explain how the ALJ erred in considering her mental impairments. *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). Therefore, the ALJ did not err.

McClune's adjustment disorder did not cause more than a minimal limitation in her ability to perform work activities because McClune's treating records indicated that she had "intact cognitive functioning," had "some ability to interact with others," reported "intact activities of daily living," and, since 2017, had not attempted suicide or been hospitalized for symptoms related to depression or anxiety, despite not currently receiving any psychiatric treatment. Because the ALJ's findings are supported by substantial evidence in the record, we must uphold the decision. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) ("[I]f 'the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.'" (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012))).

2. McClune also argues that the ALJ erred in disregarding the medical opinion of Dr. Barua when applying the PRT. However, the ALJ recognized, and the record reflects, that Dr. Barua's opinion was internally inconsistent because she expressly stated there were "inadequate medical records" to allow her to form an opinion about the nature and degree of McClune's mental impairment, but she nevertheless concluded that McCLune's mental impairment was severe. Additionally, the ALJ found Dr. Barua's opinion unpersuasive because it was based primarily on a review of scores from tests that included only McClune's self-reported symptoms and did not contain any objective evidence of functional limitations. *See Ukolov v.*

*Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (recognizing that a claimant's self-reported psychiatric symptoms are not a substitute for objective evidence of mental limitations). Thus, the ALJ gave greater weight to conclusions about McClune's mental health found in her treatment records, which concluded that McClune was "mentally stable," "not suicidal," and "not gravely disabled." Accordingly, substantial evidence supports the ALJ's reasons for discounting Dr. Barua's opinion, and McClune has not shown that the ALJ erred. *Farlow v. Kijakazi*, 53 F.4th 485, 488–89 (9th Cir. 2022).

3. Finally, McClune requests that this court review the ALJ decision consistent with the June 22, 2024, regulation amendment that changed the definition of "past relevant work" from 15 years to 5 years. *See* 89 Fed. Reg. 27653 (Apr. 18, 2024) (final rule). McClune asserts that application of the new regulation would compel a determination that she is disabled, refuting the ALJ's determination that she could perform her past work and other work in the national economy. Because McClune's application was filed in 2016, and the ALJ's decision became the final decision of the Commissioner in 2023, and because the Commissioner has issued a Social Security Ruling explaining that the new definition is intended to be applied prospectively in ALJ decisions issued on or after June 22, 2024, SSR 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024), we decline to apply the new regulation in this appeal. *See Revels v. Berryhill*, 874 F.3d 648, 656 n.2 (9th Cir. 2017) (explaining that it is

circuit practice to "defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations" (citation omitted)); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 n.1 (9th Cir. 2003) (reviewing the ALJ's decision on appeal under the regulations that were in effect at the time of the final decision, not under the regulations that were published after the decision but before the appeal).

**AFFIRMED.**